Emmett J. Schnepp, J.
Various migrant labor camps are operated and maintained within the County of Wayne, New York. The State Sanitary Code details the regulations and minimum standards applicable to such camps, which may operate only with a permit, issued after a finding has been made that such labor camp complies or will comply with the requirements of the code. The Commissioner of Health and his regional health director are required to examine and inspect such camps and enforce the provisions of the Sanitary Code. The Public Health Law sets up procedures to be instituted when it appears that the law or code has been violated.
The petitioners in this proceeding, which is in the nature of mandamus, claim that the State health officials have breached a mandatory duty imposed upon them with respect to such camps in Wayne County by issuing permits while certain camps were in violation of specified code provisions, and by reason of negligent and careless inspections, permitting camps to operate illegally without permits and failing to initiate actions to enjoin the operation of violating camps or to remedy the alleged defective condition and by conspiring with growers to assist them in circumventing such requirements of the Public Health Law. The petitioners further contend that the AttorneyGreneral breached a mandatory duty imposed upon him to initiate appropriate penal action against violators. In passing on this motion and in view of the circumstances the court treats petitioners as individual resident citizens and not as public officials in any capacity.
The contention of the respondents, supported by their affidavits, is that petitioners lack standing to sue, that the duties complained of are discretionary and not ministerial and that respondents, in any event, have duly performed their duties. Proceedings instituted by them to eliminate various of the *992 conditions complained of are detailed in these affidavits. The court will consider the evidentiary facts set forth in such affidavits only as such facts bear on the objections in point of law. Allegations constituting a prospective defense and raising questions of fact are immaterial on this motion.
It is firmly established that a citizen taxpayer, who is not personally aggrieved, lacks standing to test or challenge the constitutionality of a State statute. The reasoning is that the courts lack jurisdiction to supervise the acts of other departments of government, to interfere with another independent branch of government, or to render judicial interpretations of law ‘ ‘ at the instance of those who show no more than a mere possible injury to the public ”. (St. Clair v. Yonkers Raceway, 13 N Y 2d 72, 77.) This principle has been applied to an unaggrieved private citizen and taxpayer attempting to review the action of a State officer in an article 78 proceeding, for the reason that “ It is a rule of law designed to prevent the courts from giving judicial interpretations of legislative acts or executive rulings in the absence of injury or threatened injury to one’s personal rights ”. (Matter of Donohue v. Cornelius, 17 N Y 2d 390, 397.) The rule has been followed in challenges to the integrity of legislative process (Hidley v. Rockefeller, 28 N Y 2d 439) and to the validity of appropriation bills submitted by the Governor (Matter of Posner v. Rockefeller, 26 N Y 2d 970), where no personal aggrievement was demonstrated, and all on the same theory that the petitioners lack standing as citizens and taxpayers to bring such proceeding without personal aggrievement. This broad rule of law is applicable to the within challenge to the acts and conduct of the respondent State officials. There are no allegations of any individual grievances asserted by the petitioners, who as citizens are without the right to maintain this proceeding and “ secure broad mandamus relief generally directed to the enforcement of the specified laws ”. (Matter of Perazzo v. Lindsay, 30 A D 2d 179, 180, affd. 23 N Y 2d 764.)
The acts referred to have been denominated by the petitioners as a failure by the respondents to carry out mandatory duties prescribed by law. The Attorney-General has been charged with the failure to institute penal action for alleged violations of law committed by camp operators. It is held that these are “ precisely the areas of management of public affairs and discharge of public duties where judicial intervention in the ordinary case is least fitting ”. (Gaynor v. Rockefeller, 15 N Y 2d 120, 131.)
*993 The Health Commissioner and his director are charged basically with the failure to properly inspect .migrant labor camps and take action against alleged violators of the law. While it may be stated that the duty to enforce the law and code gives no freedom of choice to the Health Commissioner, the ensuing action as a consequence of this responsibility is discretionary and requires the exercise of judgment or skill based upon the total facts and conditions as they appear. The gravamen of the petition relates to the method of inspecting and a resultant failure to enjoin and not to any asserted bare failure to act or inspect. The courts do not judge administrative discretion and “ It is the ¡settled policy of the courts not to review the exercise of discretion by public officials in the enforcement of State statutes, in the absence of a clear violation of some constitutional mandate ”. (Gaynor v. Rockefeller, 15 N Y 2d 120, 131, supra.)
While the petition here alleges the violation of a mandatory public duty, the facts do not bear out such allegations, and the alleged official derelictions in the matter of violations in the operation of migrant labor camps are not shown to result from a failure to perform mandatory public duties. (Matter of Perazzo v. Lindsay, 30 A D 2d 179, supra.)
The petition is dismissed.